# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN J. ALLEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00045 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CARVAJAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Justin J. Allee, Pro Se Plaintiff.*

The plaintiff, Justin J. Allee, a federal inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Allee, in a series of amended pleadings in a prior civil action, raised multiple, unrelated claims that the court severed into separate civil actions.  This case consists of Allee's Claim No. 4, alleging that numerous federal prison officials retaliated against him for filing administrative remedies by placing him in segregated confinement.  After reviewing the record, I find that this action must be summarily dismissed.

---

[1] When he filed his Complaint, Allee was confined at the United States Penitentiary Lee, located within this judicial district.

I.

In the Order severing Allee's claims, the court summarized Claim No. 4 of the Third Amended Complaint (titled "Retaliation") as follows:

> Released from SHU on March 11, 2021, Allee filed a request a "FOIA" and a "sensitive BP-10"; Ms. Kemmerer told him that if he filed documents "concerning staff using incident reports and management variables to deny transfers and releases," or on any other issue, Allee "would be assaulted and placed back in the SHU"; Thomas told Allee (as White listened and nodded), "You don't listen. Now that we know who you are, we can't wait to get you in the SHU and f*** you up"; Allee "then filed, and [White] did exactly what was threatened — he planted a weapon in [Allee's] locker," and he went to the SHU.

Op. & Order 5, ECF No. 1-1 (citations to record omitted). I liberally construe this claim as seeking monetary damages. Allee has consented to pay the filing fee for this separate civil action as to his Claim No. 4.

II.

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In *Bivens*, the Supreme Court recognized an implied damages remedy against federal officers for Fourth Amendment violations regarding a warrantless search and arrest. 403 U.S. at 397. The Supreme Court has explicitly recognized only two other claims actionable under the *Bivens* rubric: *Carlson v. Green*, 446 U.S. 14, 20–21 (1980) (recognizing Eighth Amendment claim based on

failure to address serious medical condition); *Davis v. Passman*, 442 U.S. 228, 243 (1979) (recognizing a Fifth Amendment claim based on sex discrimination). Otherwise, the Supreme Court has expressly rejected attempts to expand *Bivens* to cover other alleged constitutional violations. *Hernandez v. Mesa*, 140 S. Ct. 735, 744–50 (2020) (no *Bivens* remedy for cross-border shooting by federal officer); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1869 (2017) (*Bivens* remedy not available in action seeking damages following government hold-until-cleared order detaining illegal aliens following 9-11 attack).

Most recently, the Supreme Court held that "there is no *Bivens* cause of action for [plaintiff's] First Amendment retaliation claim." *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022). Moreover, in that decision, the Court directed that courts

> may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure. If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action. Importantly, the relevant question is not whether a *Bivens* action would disrupt a remedial scheme, or whether the court should provide for a wrong that would otherwise go unredressed[.] Nor does it matter that existing remedies do not provide complete relief. Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy.

*Id.* at 1804 (internal quotation marks and citations omitted).

Allee's claims in this action rest on his contention that the defendants took adverse actions as retaliation against him for filing prison grievances. Allee had

available prison administrative remedies and indeed alleges that he has exhausted such remedies. Third Am. Compl. 1, ECF No. 48 (Case No. 7:21CV00088). Pursuant to *Egbert*, I find that the *Bivens* remedy does not apply to this claim.

### III.

For the stated reasons, I will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:   September 13, 2022

/s/  JAMES P. JONES
Senior United States District Judge